IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50740
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER RUBIN MAY,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CR-309-1
- - - - - - - - - - -
June 12, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Walter Rubin May appeals his conviction and sentence for conspiracy to manufacture and to possess with intent to distribute amphetamine, 21 U.S.C. §§ 841(a)(1), 846. He contends (1) that the district court erred in not performing an *in camera* review of the Government's materials; (2) that it abused its discretion in limiting cross-examination of Craig Brands; (3) that it clearly erred in basing the sentence on seven pounds of amphetamine and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abused its discretion in refusing to grant a hearing on the issue; and (4) that it clearly erred in finding that May was a leader/organizer as defined by U.S.S.G. § 3B1.1(a).

Our review of the record and the arguments and authorities convince us that no reversible error was committed. May's assertions that the Government might have *Brady* material indicating that Hal Perry had instigated the setting-up of the amphetamine lab or that the Perry brothers had manufactured amphetamine were mere speculations rebutted by testimony adduced at trial. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Dinitz*, 538 F.2d 1214, 1224 (5th Cir. 1976)(en banc). The district court did not err in not performing an *in camera* review.

Nor did the district court abuse its discretion in limiting cross-examination of coconspirator Craig Brands because the jury still had sufficient information to appraise Brands' bias and motives. *See United States v. Payne*, 99 F.3d 1273, 1280 (5th Cir. 1996).

The district court did not clearly err in its determination of the quantity of amphetamine involved because the district court's account of the evidence is plausible in light of the record viewed in its entirety. *United States v. Rogers*, 1 F.3d 341, 342 (5th Cir. 1993). Nor did the court abuse its discretion in refusing to grant a hearing on the issue because the district court's decision on the appropriate procedure was made in light of its finding that Mrs. May's testimony could have been produced at trial and was not

and that the evidence she would have offered was rebutted by testimony that the jury had already ruled upon. *See United States v. Narvaez*, 38 F.3d 162, 165 (5th Cir. 1994).

The district court did not clearly err in imposing the § 3B1.1(a) four-level upward adjustment because there was an acceptable evidentiary basis for the court's fact finding that May, Steven Perry, Craig Brands, J. W. Myatt, and Stuart Collison were knowing participants in the conspiracy. *See Narvaez*, 38 F.3d at 166; U.S.S.G. § 3B1.1, comment. (n.4).

AFFIRMED.